**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EMAJIN BELGROVE,

                              Plaintiff,

                                                                   1:16-CV-346
                         v.                                       (GLS/ATB)

THE COUNTY OF ALBANY, et al.,

                              Defendants.

EMAJIN BELGROVE, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

**REPORT-RECOMMENDATION**

      Plaintiff filed this civil rights action on March 28, 2016. (Dkt. No. 1). In his complaint, he alleges that on December 29, 2014, he was in the custody of the Albany Sheriff's Department. (Complaint ("Compl.") ¶¶ 11, 13). Plaintiff claims that he was assaulted by the "John Doe" defendants in violation of his constitutional rights. (Compl. ¶¶ 14-21). Plaintiff also claims that defendant County of Albany was negligent in training the defendant officers and should be held responsible for their actions. (Compl. ¶¶ 22-26). Plaintiff has also alleged state law causes of action. (Compl. ¶¶ 32-35). Plaintiff has named Albany County, Albany County Sheriff Craig D. Apple Sr., and the two "John Does" as defendants.

**I.**     **Procedural History**

      The filing fee was paid at the time that his complaint was filed. (Dkt. No. 1).

Summonses were issued for defendants, and the GO 25 Filing Order was issued. (Dkt. Nos. 2, 3). The docket sheet indicates that Attorney Mark Mishler delivered the complaint to the Clerk's Office for plaintiff, but Attorney Mishler does not represent plaintiff. The Clerk issued the Pro Se Handbook and Notice to Attorney Mishler and explained that these documents must be provided to the plaintiff.[1] (Dkt. No. 4). On the same day – March 28, 2016 – the court issued a "Text Notice," explaining that it could not issue summonses for "John Doe" defendants. (TEXT NOTICE dated 3/28/16). The notice also informed plaintiff that he should take reasonable steps to determine the identity of the "John Does" so that he could amend his complaint to add named defendants. The officer defendants could then be served. (*Id.*)

On March 29, 2016, I issued a TEXT ORDER, informing plaintiff that he was responsible for properly serving the summons, complaint, and GO 25 materials upon the named defendants in accordance with Fed. R. Civ. P. 4. (Dkt. No. 5). I also informed plaintiff that pursuant to GO 25, service of process was to be completed within 60 days of filing the action, and that "Proof of Service" must be filed with the Clerk. (*Id.*)

No "Proof of Service" was filed subsequent to my TEXT ORDER, and no other correspondence was filed by plaintiff requesting an extension or requesting any

---

[1] Attorney Mishler complied with the court's direction because on April 6, 2016, Attorney Mishler returned to the court the "Notice" properly signed by the pro se plaintiff. (Dkt. No. 6).

2

information from the court. On June 13, 2016, I issued another TEXT ORDER, stating that the sixty-days allotted for service of process had expired. I ordered plaintiff to advise the court of the status of this action "IN WRITING" by June 30, 2016. (Dkt. No. 7). I informed plaintiff that if he had completed service, he should file proof thereof, and if he had not yet completed service, he should file a "written request for extension of time." (*Id.*) I adjourned the Rule 16 scheduling conference "without date." (*Id.*)

Thereafter, plaintiff did not file any proof of service, he did not file the "status report" as I ordered, and he did not request an extension of time. On July 7, 2016, issued another TEXT ORDER, reminding plaintiff that he had failed to comply with my prior order, and again directing him to inform the court of the status of service of process. (Dkt. No. 8). I granted him one further extension until August 5, 2016. I also warned plaintiff that his failure to timely serve the defendants could result in their dismissal from the action, and that his failure to comply with the court's order could result in sanctions, including possible dismissal of the entire action. (*Id.*) Plaintiff has filed nothing since my July 7, 2016 order. The extension of time that I gave plaintiff in that order has now expired, and there has been absolutely no communication from plaintiff.

II. **Time for Service/Failure to Prosecute**

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within ninety days after the complaint is filed, the court "must" on its own

3

motion, with notice to plaintiff, dismiss the action without prejudice against the unserved defendant. Fed. R. Civ. P. 4(m). In addition, Rule 41(b) provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

In this case, plaintiff has failed to serve any of the named defendants, after three warnings by the court to do so, including one Order specifically warning plaintiff of the possibility of dismissal. The court understands that plaintiff is pro se, but he paid the filing fee, and was told that he was responsible for serving the complaint and the accompanying papers. Attorney Mishler provided plaintiff with the Pro Se Handbook, and the court has provided plaintiff with specific orders. Plaintiff has failed to even contact the court to ask for extensions of time or to indicate that he has attempted, but has been unsuccessful in serving the defendants. In my June 13, 2016 order, I asked plaintiff to file a "Status Report" regarding any attempts at service. Plaintiff has had an opportunity to communicate with the court and to express any concerns about service in a letter, but has neglected to do so.

In addition to failing to serve the summons and complaint, plaintiff has failed to comply with, or even respond to, three court orders. It appears that plaintiff may have chosen to abandon this action. The action cannot proceed without plaintiff's

4

participation. Thus, based on Rules 4(m) and Rule 41, this court will recommend dismissal of this action without prejudice. If plaintiff should wish to participate, the court may reinstate the action, but at this time, I have no choice but to recommend dismissal. Because this is a recommendation, plaintiff will have one last time to object to dismissal and to inform the court how he intends to serve the complaint and proceed with this action.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that if plaintiff files objections to this Recommendation, and the court finds good cause for plaintiff's failure to serve the complaint and for his failure to respond to this court's orders, the District Court may remand the case to me for further proceedings, and it is

**RECOMMENDED**, that if no objections are filed, or if plaintiff does not show good cause for his failure to serve the complaint or for his failure to comply or respond to this court's orders, this case be **DISMISSED WITHOUT PREJUDICE** based upon Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d

5

Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 10, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge